**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SPECIAL COUNSEL<br>EX REL. DALE KLEIN,<br>            Petitioner, | DOCKET NUMBER<br>CB-1208-16-0023-U-4 |
| v. | DATE: September 13, 2016 |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>            Agency. | |

# THIS STAY ORDER IS NONPRECEDENTIAL[*]

Sheri S. Shilling, Esquire, Washington, D.C., for the petitioner.

Loretta Poston, Esquire, Tampa, Florida, for the relator.

G.M. Jeff Keys, Esquire, Saint Louis, Missouri, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**ORDER ON STAY REQUEST**

¶1      Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 60-day extension of the previously granted stay of the agency's termination of Dr. Dale Klein's appointment.  For the reasons discussed below, we GRANT OSC's request IN PART and extend the stay through November 10, 2016, but we DENY OSC's request to order the agency to reassign Dr. Klein to a pain management physician position in Columbia or Kansas City, Missouri.

**BACKGROUND**

¶2      On May 26, 2016, OSC requested a stay of the termination of Dr. Klein's appointment to complete its investigation and legal review of his prohibited personnel practices complaint and determine whether to seek corrective action.  *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-16-0023-U-1, Stay Request File (U-1 SRF), Tab 1.  OSC also requested an order returning Dr. Klein to his position and duties as a pain management physician at the Poplar Bluff Medical Center during the period of the stay.  *Id.*  The Board granted OSC's request for a stay through July 15, 2016, but denied OSC's request to order the Department of Veterans Affairs (DVA) to return Dr. Klein to his duties and responsibilities as a physician.  U-1 SRF, Tab 3.

¶3      On June 9, 2016, OSC filed a motion to modify the order granting the initial stay request by ordering that Dr. Klein be returned to his position as a pain management physician.  *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-16-0023-U-2, Stay Request File (U-2 SRF), Tab 1.  In the alternative, OSC requested that the Board order DVA to assign Dr. Klein to "mutually agreed upon duties that are ordinarily performed by physicians at the Poplar Bluff [Medical Center]."  *Id.* at 11-12.  On June 11, 2016, DVA filed a response to OSC's motion stating that the Poplar Bluff Medical Center's pain management clinic has been closed and explaining

the difficulties in reopening the clinic during the 45-day period of the stay. U-2 SRF, Tab 2. On June 20, 2016, the Board denied OSC's motion for a modification of the initial stay order. U-2 SRF, Tab 3.

¶4　　On June 30, 2016, OSC filed a request to extend the stay for an additional 60 days. *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-16-0023-U-3, Stay Request File (U-3 SRF), Tab 1. OSC also renewed its request that the Board order Dr. Klein to be returned to his position of record. *Id.* Alternatively, OSC requested an order placing Dr. Klein in a "substantially similar physician position" or another physician position for which he is qualified. *Id.* at 2, 6-8. In response, DVA asserted that the Popular Bluff Medical Center did not have a present need for a physician with Dr. Klein's skills and privileges. U-3 SRF, Tab 2 at 4. In particular, DVA reiterated that the pain management clinic had closed and there was no need for an anesthesiologist at the Poplar Bluff Medical Center, which is not a full-service hospital and does not perform invasive surgical procedures. *Id.*

¶5　　The Board granted OSC's request for a stay through September 13, 2016, but denied its request for an order returning Dr. Klein to his position as a pain management physician to the extent the position no longer exists. U-3 SRF, Tab 3. The Board, however, ordered DVA to provide a detailed accounting of its search for vacant positions and modified assignments with physician duties within the local commuting area to which it could temporarily reassign Dr. Klein. *Id.* at 7-8. In response, the agency identified three vacancies at the Poplar Bluff Medical Center, two primary care physician positions and one urgent care physician position. U-3 SRF, Tab 6 at 3. DVA argued that, while Dr. Klein met the minimum requirements to be considered for appointment to these positions, he did not have the clinical or diagnostic skills and experience necessary for them because he specializes in pain management and anesthesiology. *Id.* at 3, 8.

¶6        On August 26, 2016, OSC filed a timely request to extend the stay for an additional 60 days.  *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-16-0023-U-4, Stay Request File (U-4 SRF), Tab 1.  The agency has filed a timely response.  U-4 SRF, Tab 2.  OSC has filed a reply.  U-4 SRF, Tab 3.

## ANALYSIS

¶7        A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter.  *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997).  The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice.  *Id.*  In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable.  *Id.* at 158.  The Board may grant the extension for any period that it considers appropriate.  5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).

¶8        In its first request for extension, OSC asserted that DVA had failed to respond to its requests for information and documents pursuant to 5 C.F.R. § 5.4.  U-3 SRF, Tab 1 at 3.  OSC further maintained that, after DVA responded, it would need additional time to schedule and conduct witness interviews or, if necessary, request additional information.  *Id.*  OSC asserts that, on July 19, 2016, after the Board granted its first request for an extension, DVA partially responded to its request for information and documents by providing the documents in the evidence file supporting Dr. Klein's termination, which previously had been informally provided to OSC.  U-4 SRF, Tab 1 at 3.

¶9        In its second request for extension currently before us, OSC asserts that an additional 60 days is necessary because electrically stored responsive information is still outstanding and DVA has informed OSC that it will be weeks before it will

be able to provide such information. *Id.* Thus, OSC maintains that the evidentiary record has not materially changed since OSC filed its initial stay request. *Id.* at 6. DVA does not dispute that it has not fully responded to OSC's requests for information, though it disputes the proper method for locating responsive electronic information. U-4 SRF, Tab 2 at 2-3.

¶10     Under the specific circumstances of this case and in light of the fact that the evidentiary record supporting OSC's initial stay request has not materially changed since the Board granted the initial stay, we find it appropriate to extend the stay until November 10, 2016. *See Special Counsel ex rel. Waddell v. Department of Justice*, 103 M.S.P.R. 372, ¶ 5 (2006).

¶11     In addition to its stay request, OSC also requests that the Board order that DVA temporarily reassign Dr. Klein to a vacant pain management physician position located in either Columbia or Kansas City, Missouri. U-4 SRF, Tab 1 at 7−8. A stay granted pursuant to 5 U.S.C. § 1214(b) is issued as a means of minimizing the adverse consequences of a prohibited personnel practice, providing time for a full investigation and settlement negotiations and safeguarding the status quo ante while the interested parties prepare their cases for presentation to the Board. *Special Counsel v. Department of Veterans Affairs*, 60 M.S.P.R. 40, 41 (1993). If OSC has met its burden, the employee is usually placed in the same position he held before the agency's allegedly improper actions. *Special Counsel v. Department of the Interior*, 68 M.S.P.R. 266, 269 (1995). The Board has, however, recognized that an agency may show a compelling reason for not returning an employee to the duties and responsibilities of his position during the pendency of a stay. *See, e.g.*, *Special Counsel v. Department of Transportation*, 72 M.S.P.R. 104, 108 (1996).

¶12     Here, DVA asserts that Dr. Klein cannot be returned to duty in his former position because it closed the pain clinic. U-1 SRF, Tab 2 at 4. Further, DVA contends that there are no vacant positions within Dr. Klein's specialties at the Poplar Bluff Medical Center and it would be inappropriate to assign him to any of

the three vacant positions at Poplar Bluff Medical Center, which are in primary or urgent care settings, settings in which Dr. Klein has no prior experience. U-3 SRF, Tab 6 at 3-4, 8. OSC contends that, because DVA cannot locate an appropriate physician position in the local commuting area, the Board should order DVA to temporarily reassign Dr. Klein to an available pain management physician position in either Columbia or Kansas City, Missouri. U-4 SRF, Tab 1 at 7-8. DVA responds that Dr. Klein would need to obtain appropriate credentials from these facilities prior to performing any clinical duties. U-4 SRF, Tab 2 at 5. It further asserts that there is no guarantee that he would be granted such credentials because the decision whether to grant a physician clinical privileges is made by officials at the local medical center, the fact that one facility has granted particular clinical privileges to an individual physician does not guarantee that another facility will grant the same privileges, and the overall scope of the clinical services provided by the medical centers in Columbia and Kansas City, Missouri, is broader than the scope of services provided at the Poplar Bluff Medical Center. *Id.* at 3-5.

¶13 At this time, we will not order DVA to reassign Dr. Klein to either pain management position in Columbia or Kansas City, Missouri, to the extent that Dr. Klein does not have clinical privileges at these medical centers and agency officials at the Poplar Bluff Medical Center have no authority to grant Dr. Klein the clinical privileges required for him to perform medical procedures within his specialties at these locations. Nor will we order DVA to reassign Dr. Klein to any of the three vacant positions identified at Poplar Bluff Medical Center because such positions appear to lie outside of Dr. Klein's expertise and OSC has not disputed DVA's contentions that, given Dr. Klein's skills and experience as an anesthesiologist and pain management specialist, it would not be appropriate to place him in a primary care or urgent care physician position.

¶14 However, DVA should continue to search for and assign Dr. Klein to any appropriate physician position within his skills and experience should such a

position become available within the local commuting area during the pendency of the stay. To the extent that OSC believes that the agency has failed to comply with the terms and conditions of this Order as set forth below, OSC may petition the Board for enforcement of this Order and may recommend appropriate sanctions to be imposed for the agency's noncompliance. *See* 5 C.F.R. part 1201, subpart F.

## ORDER

¶15    Pursuant to 5 U.S.C. § 1214(b)(1)(B), an extension of the stay is hereby granted, and we ORDER as follows:

(1) The stay issued on June 1, 2016, is extended through and including November 10, 2016, on the terms and conditions that (a) DVA will reinstate Dr. Klein to the status quo ante, but is not required to reassign him to the vacant primary care or urgent care physician positions located at Poplar Bluff Medical Center or to the vacant pain management physician positions in Columbia or Kansas City, Missouri; (b) DVA shall not affect any change to Dr. Klein's salary, grade level, or duty station, or impose upon him any requirement that is not required of other employees of a comparable grade level; and (c) DVA shall assign Dr. Klein to a physician position within his skills and experience to the extent one becomes available within the local commuting area during the pendency of the stay;

(2) Within 5 working days of this Order, DVA shall submit evidence to the Clerk of the Board showing that it has complied with this Order; and

(3) Any request for a further extension of the stay pursuant to 5 U.S.C. § 1214(b)(1)(B) must be received by the Clerk of the Board and the agency, together with any evidentiary support, on or before October 26, 2016. *See* 5 C.F.R. § 1201.136(b). Any comments on such a request that the agency wishes the Board to consider pursuant to 5 U.S.C.

§ 1214(b)(1)(C) must be received by the Clerk of the Board, together with any evidentiary support, on or before November 2, 2016.  *See* 5 C.F.R. § 1201.136(b).


FOR THE BOARD:                            _____
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.